**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICOLAS SANTOS-PEREZ, | No. 15-73665 |
| Petitioner, | Agency No. A077-355-375 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges

Nicolas Santos-Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and denying his motion for a continuance.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's denial of petitioner's withholding of removal claim. Santos-Perez claims he will be persecuted as a member of his family, but the record does not compel the conclusion that there is any causal connection between the persecution he fears and his membership in this group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground).

To the extent Santos-Perez claims he fears he will be persecuted because his family owns or once owned land, or because he will be perceived as wealthy as a

2

result of his land ownership, his argument is unexhausted, and we lack jurisdiction to review it. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The BIA did not err in affirming the IJ's denial of Santos-Perez's request for a continuance. The IJ was within her discretion to deny Santos-Perez's motion, considering, among other things, that Santos-Perez's counsel knew about Santos-Perez's arrest for several months before she requested the continuance, and that the evidence Santos-Perez sought time to investigate seemed unrelated to any protected ground. *See Baires v. I.N.S.*, 856 F.2d 89, 92–93 (9th Cir. 1988) (in deciding whether to grant a continuance, IJ should consider "[t]he convenience of the immigration court," "the nature of the evidence to be presented and its importance to an alien's claim," "whether the need for the continuance or change of venue is due to unreasonable conduct on the part of the alien," and "the number of prior continuances granted the alien and their duration").

Finally, Santos-Perez's claim that the IJ erred by failing to include her reasoning regarding her denial of his continuance in her oral decision was not made before the BIA, so we may not review it. *See Barron*, 358 F.3d at 677–78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**